```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION
```

L & C CONSULTANTS, § 
 § 
 Plaintiff, § 
 § Civil Action No. 3:07-CV-1904-D
VS. § 
 § 
ASH PETROLEUM, et al., § 
 § 
 Defendants. § 

## MEMORANDUM OPINION AND ORDER

Defendants move for a continuance of scheduling deadlines and for attorney's fees. For the reasons set forth below, the court denies the motion.[1]

I

In its January 17, 2008 scheduling order, the court set May 1, 2008 as the deadline for a party to move for leave to amend pleadings, and July 1, 2008 as the deadline for the parties to complete discovery. Plaintiff L & C Consultants ("L & C") filed its first amended complaint on May 15, 2008, after timely filing for leave to amend on May 1, 2008. The parties mediated the case on May 30, 2008, and on June 2, 2008 L & C served discovery requests on defendants.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

On June 17, 2008 defendants filed the instant motion, requesting that the court extend the discovery deadline to October 9, 2008, extend the deadline for defendants to respond to L & C's discovery requests to August 15, 2008, extend the summary judgment motion deadline to November 3, 2008, and extend the deadline to file motions for leave to amend pleadings to August 1, 2008. Defendants also request an award of attorney's fees, contending that L&C has unreasonably refused to agree to the requested extensions.

II

Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). The "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite his diligence, he could

not reasonably have met the scheduling deadline. *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., *Federal Practice & Procedure*, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

III

Defendants contend that good cause to extend the deadlines is established by L&C's filing of an amended complaint on May 15, 2008, its failure to conduct discovery before mediation, and its stated intention to file a summary judgment motion on August 1, 2008. Defendants also contend that they need additional time to respond to L&C's discovery requests and to new issues raised in mediation.

The court concludes that these contentions are insufficient to establish good cause for modifying the scheduling order. Defendants' assertions are conclusory, unpersuasive, and do not demonstrate that they have been diligent in attempting to conduct discovery during the allotted period. The "good cause" standard focuses on defendants' diligence, *Am. Tourmaline Fields,* 1998 WL 874825, at *1, not on L&C's use of the discovery period available to it, the timing of the mediation, or the timing of L&C's (timely filed) first amended complaint. Defendants do not adequately explain how L&C's first amended complaint, filed on May 15, or the

mediation conducted on May 30, prevented them from conducting any discovery during the six-month discovery period.  Even assuming that L&C's first amended complaint, or the mediation, raised new issues,[2] this does not explain defendants' failure to conduct any discovery before the amended complaint was filed or before mediation took place.  Defendants' only asserted attempt to communicate with L&C regarding discovery issues is a series of emails in early June, in which defendants requested that L&C agree to an extension of the discovery deadline.  Defendants cannot simply rely on these communications, or L&C's unwillingness to agree to deadline extensions, as evidence of defendants' own diligence.  Moreover, defendants had the entire month of June in which to at least initiate discovery requests.  The fact that L&C conducted its discovery during the final month of the discovery period does not explain defendants' failure to conduct their own discovery during this period or beforehand.  In sum, defendants have not established any attempt to conduct discovery during the allotted period.

---

[2] L&C maintains that it did not raise any new claims in its first amended complaint, and that it in fact simplified matters by removing an initial pleading for injunctive relief.  Defendants have not filed a reply brief to contest this assertion or to otherwise demonstrate how the filing of the first amended complaint warrants an extension of deadlines.

* * *

Accordingly, the court holds that defendants have failed to show that they exercised the requisite diligence in attempting to complete discovery before the July 1, 2008 deadline. They have failed to demonstrate good cause under Rule 16(b)(4) for modifying the January 17, 2008 scheduling order. It follows that their request for attorney's fees, which depends on the merits of their other requested relief, also fails. Defendants' June 17, 2008 motion for a continuance of deadlines and request for attorney's fees is therefore denied.

**SO ORDERED.**

August 12, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE