```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

L&C CONSULTANTS, LLC            §
                                §
            Plaintiff,          §
                                § Civil Action No. 3:07-CV-1904-D
VS.                             §
                                §
ASH PETROLEUM, INC., et al.,    §
                                §
            Defendants.         §
```

MEMORANDUM OPINION
AND ORDER

Defendants' October 14, 2009 motion to set aside judgment and for new trial is denied.[1]

Following a bench trial, the court found in favor of plaintiff L&C Consultants, LLC ("L&C") against defendant ASH Petroleum, Inc. ("ASH") on L&C's breach of contract claim, and against defendants ASH, James W. Peak ("Peak"), and Gene H. Irwin ("Irwin") on L&C's fraud and fraudulent inducement claims. *L&C Consultants, LLC v. ASH Petroleum, Inc.*, 2009 WL 3110200, at *6 & *8 (N.D. Tex. Sept. 29, 2009) (Fitzwater, C.J.). In pertinent part, the court awarded L&C actual damages against ASH, Peak, and Irwin in the sum of $1,823,643.12. *Id.* at *11-*12.

In calculating actual damages for breach of contract and

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

fraud, the court awarded L&C the benefit of the bargain: the value of the 71,280 barrels of oil guaranteed in the contracts.[2]  The court awarded damages for one year's worth of oil because that is all that L&C argued for at trial, and the court had no basis to award more.  The court also found it reasonable to calculate the production guarantee as of one year after the promise was made, or April 2007.  *Id.* at *9.  For the Ft. Payne production and the corresponding 38,880 barrels, L&C would receive its share of the production, set at 55% of the Net Working Interest, calculated after the 12.5% overriding royalty was paid to the landowner.  L&C was thus entitled to 55% of 87.5% of the barrels, or 48.125%.  *Id.*  For the Knox production and the corresponding 32,400 barrels of oil, L&C was entitled to 55% of the Net Working Interest after a 22.5% overriding royalty was paid to the landowner, meaning 55% of 77.5%, or 42.625%.  *Id.*  According to L&C's expert, the value of a barrel of oil as of April 2007 was $56.075.  *Id.* at *10.  Taking the correct percentage of each barrel and multiplying by the number of barrels guaranteed under the respective agreements, the value of the contracts' guarantees was $1,049,219.33 for Ft. Payne and $774,423.79 for Knox, or a total of $1,823,643.12.  *Id.*

Defendants maintain that the court's damages calculations are flawed because they are based on the gross selling price of a

---

[2]For L&C's fraud claim, the benefit-of-the-bargain measure computed the difference between the value as represented and the value received.  *L&C Consultants*, 2009 WL 3110200, at *10.

barrel of oil, without deducting for operation costs.  The court disagrees.

First, the court did not deduct operating costs because at trial there was no evidence of operating expenses to deduct.  The court found "no persuasive evidence in the trial record that ASH ever drilled wells in accordance with its contractual obligations," *id.* at *7, suggesting that no operating expenses existed or could be estimated to subtract from L&C's share of the Net Working Interest in the promised barrels of oil.

Second, in calculating actual damages, the court recognized that "none of the parties ha[d] submitted flawless damages calculations," so it "made a reasonable calculation based on the trial evidence."  *Id.* at *9.  But defendants were "not excused for a breach of contract resulting in damages simply because those damages may not be established with exact certainty."  *Id.* (quoting *Stewart & Stevenson Servs., Inc. v. Enserve, Inc.,* 719 S.W.2d 337, 346 (Tex. App. 1986, writ ref'd n.r.e.)).  "[M]athematical precision is not required to establish the extent or amount of one's damages[;] one must bring forward the best evidence of the damage of which the situation admits, and there must be some basis for reasonable inferences."  *Id.* (brackets in original) (quoting *Richter, S.A. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1188 (5th Cir. 1991)).  The court reasonably calculated L&C's damages according to the percentage of the Net Working

Interest that L&C was entitled to receive in the promised barrels of oil.

Third, the court opted to use the most reasonable available estimate of the price of oil, relying on L&C's expert's estimate of the price of oil in April 2007 ($56.075/barrel) instead of the much higher price of oil as of April 2008 ($104.3083/barrel) or as of April 2006 ($62.4583/barrel), the price at the time the agreements were negotiated and signed.  The resulting damages calculations were certainly reasonable, even if approximate, and have an adequate foundation in the trial evidence.  Thus the court's damages calculations were reasonable, were based upon sufficient evidence, and should not be set aside.

Defendants also argue the court had no evidence that Peak had the requisite intent to defraud.  The court disagrees.  For the reasons explained in the court's opinion, *L&C Consultants*, 2009 WL 3110200, at *7-*8, the court finds that Peak's misrepresentations in the agreements, approval of the production guarantees, and failure to act in accordance with an intention to fulfill his promises constitute sufficient circumstantial evidence to find that Peak intended to defraud L&C.

\*   \*   \*

Accordingly, the court denies defendants' October 14, 2009 motion to set aside judgment and for new trial.

**SO ORDERED.**

October 15, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE